Justice Thomas,
dissenting.
The Court believes it must decide whether the securities laws implicitly preclude application of the antitrust laws because the securities statutes “are silent in respect to antitrust.” See ante, at 271. I disagree with that basic premise. The securities statutes are not silent. Both the Securities Act and the Securities Exchange Act contain broad saving clauses that preserve rights and remedies existing outside of the securities laws.
Section 16 of the Securities Act of 1933 states that “the rights and remedies provided by this subchapter shall be in addition to any and all other rights and remedies that may exist at law or in equity.” 15 U. S. C. §77p(a). In parallel *288 fashion, §28 of the Securities Exchange Act of 1934 states that “the rights and remedies provided by this chapter shall be in addition to any and all other rights and remedies that may exist at law or in equity.” §78bb(a). This Court has previously characterized those clauses as “confirm[ing] that the remedies in each Act were to be supplemented by ‘any and all’ additional remedies.” Herman & MacLean v. Huddleston, 459 U. S. 375, 383 (1983).
The Sherman Act was enacted in 1890. See 26 Stat. 209. Accordingly, rights and remedies under the federal antitrust laws certainly would have been thought of as “rights and remedies” that existed “at law or in equity” by the Congresses that enacted that Securities Act and the Securities Exchange Act in the early 1930’s. See § 77p; § 78bb. Therefore, both statutes explicitly save the very remedies the Court holds to be impliedly precluded. There is no convincing argument for why these saving provisions should not resolve this case in respondents’ favor.
The Court’s opinion overlooks the saving clauses seemingly because they do not “explicitly state whether they preclude application of the antitrust laws.” Ante, at 270; see also Brief for Petitioners 33, n. 5.[1] As the Court observes, some statutes contain saving clauses specific to antitrust. See, e. g., Verizon Communications Inc. v. Law Offices of Curtis V. Trinko, LLP, 540 U. S. 398, 406 (2004) (“‘[Nothing in this Act or the amendments made by this Act shall be construed to modify, impair, or supersede the applicability of *289 any of the antitrust laws’ ” (quoting Telecommunications Act of 1996, § 601(b)(1), 110 Stat. 143, note following 47 U. S. C. § 152)). But the mere existence of targeted saving clauses does not demonstrate — or even suggest — that antitrust remedies are not included within the “any and all” other remedies to which the securities saving clauses refer. Although Congress may have singled out antitrust remedies for special treatment in some statutes, it is not precluded from using more general saving provisions that encompass antitrust and other remedies. Surely Congress is not required to enumerate every cause of action — state and federal — that may be brought. When Congress wants to preserve all other remedies, using the word “all” is sufficient.
Petitioners also argue that the saving clauses should not apply because the clauses did not play a role in the Court’s prior seeurities-antitrust pre-emption cases. Brief for Petitioners 33, n. 5 (“[N]either provision was found to bar immunity in Gordon [v. New York Stock Exchange, Inc., 422 U. S. 659 (1975),] or [United States v. National Assn. of Securities Dealers, Inc., 422 U. S. 694 (1975) (NASD)]”). Be that as it may, none of the opinions in Silver v. New York Stock Exchange, 373 U. S. 341 (1963), Gordon, or NASD — majority or dissent — offered any analysis of the saving clauses. Omitted reasoning has little claim to precedential value. Absent any indication that these omissions were the product of reasoned analysis instead of inadvertent oversight, I would not allow the Court’s prior silence on this issue to erect a perpetual bar to arguments based on a full reading of the statute’s relevant text.
Finally, it might be argued that the saving clauses preserve only state-law rights and remedies. This argument has no textual basis. If Congress had intended to limit the clauses to state law, it surely would not have phrased them to preserve “any and all” rights and remedies. Other provisions in both Acts, including a later sentence in the section containing the Securities Exchange Act’s saving clause, *290 suggest that Congress explicitly referred to States when it intended to impose a state-law limitation. See, e.g., 15 U. S. C. §77v(a) (referring to “State and Territorial courts”); § 78bb(a) (referring to the “securities commission ... of any State”); cf. 17 U. S. C. § 301(b) (“Nothing in this title annuls or limits any rights or remedies under the common law or statutes of any State ... ”). Given Congress’ demonstrated ability to limit provisions of the securities laws to States and the lack of any such limitation here, the saving clauses cannot be understood as limited only to state-law rights and remedies.[2]
A straightforward application of the saving clauses to this case leads to the conclusion that respondents’ antitrust suits must proceed. Accordingly, we do not need to reconcile any conflict between the securities laws and the antitrust laws. I respectfully dissent.

 The Court suggests that the argument advanced in my opinion was not preserved by respondents. See ante, at 275. Respondents’ principal contention in the Court of Appeals below was that “[t]he federal securities laws do not expressly immunize Defendants’ alleged conduct from prosecution under the federal antitrust laws.” See, e. g., Brief for Appellants in No. 03-9288 (CA2), pp. 15-16. Because a full reading of the securities laws is essential to analyzing respondents’ central argument, I do not consider arguments based on the saving clauses unpreserved. Cf. United States v. Morton, 467 U. S. 822, 828 (1984) (“[W]e read statutes as a whole”).

 The Court’s suggestion that the clauses were intended to save only securities-related rights and remedies is subject to many of the same criticisms. See ante, at 275. The Securities Act of 1933 provided no private federal remedy for fraud in the purchase or sale of registered securities. On the Court’s proposed reading of §77p, however, a federal action for mail or wire fraud and a state-law action for fraud, which are not securities-related rights or remedies, would not have been included within the Securities Act’s saving provision.